IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA A. ZIMMERMAN,

        Plaintiff,   No. CIV S-06-1441 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.   ORDER

                                        /

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court.  Plaintiff seeks fees based on 3.45 hours in 2006 at the rate of $161.85 per hour for attorney time, and 44.9 hours in 2007 at the rate of $163.75 per hour, for a total amount of $7,910.75.  Defendant contends the amount of hours claimed is unreasonable.

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant contends hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues the number of hours claimed is excessive, especially with regard to the hours devoted to drafting the "summary"

1

portion of plaintiff's motion for summary judgment. Defendant also claims the time devoted to drafting the arguments in plaintiff's brief was excessive in light of plaintiff's counsel's expertise in this area of the law.

In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, as well as the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable. With respect to the total number of hours claimed by counsel, the court notes counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 276-page administrative transcript. Her work in this regard is demonstrated by the twenty-three pages of summary set forth in her motion for summary judgment. The summary portion of the plaintiff's brief was not only helpful in the court's review of relevant evidence, but was required by the scheduling order governing this case. See Scheduling Order filed July 20, 2006 (Docket No. 5).

Furthermore, the "expertise of plaintiff's counsel does not make the hours expended unreasonable." Patterson v. Apfel, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000). "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Id. Here, the brief submitted by plaintiff's counsel was thorough and evidenced such attention to detail.

The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated. Therefore the court will order that counsel be paid for the claimed hours of attorney time spent in the prosecution of this action.

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $7,910.75.

DATED: March 31, 2008.

U.S. MAGISTRATE JUDGE